**UNITED STATES**

v.

**Airman Michael L. BETHEA, FR 559–92–8473 18th Field Maintenance Squadron Fifth Air Force (PACAF).**

**ACM S24486.**

U. S. Air Force Court of Military Review.

22 April 1977.

---

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Gary C. Smallridge. Captain Jacqueline G. Epps filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and OR-SER, JJ.

## DECISION

HERMAN, Judge:

Before a special court-martial consisting of members, the accused was convicted, consonant with his pleas, of 17 specifications of making and uttering checks, and thereafter dishonorably failing to maintain sufficient funds for payment on presentment, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to bad conduct discharge, confinement at hard labor for three months, and reduction to airman basic.

Appellate defense counsel have assigned three errors, all of which were raised by the trial defense counsel in an excellent memorandum submitted in response to the post-trial review of the staff judge advocate,[1] and again in the accused's request for appellate counsel. Two of the averments warrant discussion, and the other is deemed without merit.

Counsel contend that the accused's guilty pleas were improvident because of an inadequate inquiry made by the military judge into the facts and circumstances surrounding the offenses, as required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). In particular, *Care* mandates that a record of trial

. . . reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge or the president has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge or president whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty.

*United States v. Care*, supra, at 253.

The trial judge in the present case read the elements of the first offense to the accused, and supplied him with the "book" definition of the word "dishonorable."[2] He then enumerated the elements of each of the other 16 check offenses to the accused, who indicated his understanding that his plea admitted all of those elements. At that juncture, the following colloquy took place respecting the first check:

MJ: Can you tell me about that check, Airman Bethea?

---

1. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

2. Quoting the trial judge, "The term 'dishonorable,' as I used it in listing the elements for you, and as I will use it again concerning the other specifications, implies or imports that the failure by you to maintain sufficient funds in the Bank of America for payment of the check upon its presentment was characterized by deceit, willful evasion, bad faith, gross indifference, or false promise. A mere negligent failure to maintain sufficient funds in a bank for payment of checks drawn thereon is not an offense punishable under the Uniform Code of Military Justice." This definition appears in Air Force Manual 111-2, Court-Martial Instructions Guide, § 3–134, 15 October 1971.

ACC: On this particular day, I went to the BX and cashed this check for spending money. I didn't purchase anything at the BX at that time; *I had the intent to get the money into the bank before the check cleared the bank.*

MJ: So you made out the check and cashed it at the Exchange? I take it you received $50.00?

ACC: Yes, sir. .

MJ: I take it, it did not clear your bank?

ACC: No, sir, I failed to get the money in there.

MJ: Do you recall when I defined the term "dishonorably"? Do you know what that means?

ACC: Yes, sir.

MJ: Would your failure to get the money into the bank be dishonorable as I defined that for you?

ACC: Yes, sir. (Emphasis supplied.)

The *Care* inquiry proceeded similarly for each of the remaining specifications, the accused relating that the circumstances were similar and that the word "dishonorable" properly characterized his failure to get the money into the bank prior to presentment.

The evidence submitted before findings consisted essentially of copies of the checks and a stipulation of fact containing little more than a recitation of the elements of the offenses. It provided no further facts surrounding the writing of the checks, the funds available to the accused, how he planned to cover the checks when they were presented, or his attitude or state of mind from which one might infer the requisite criminal intent for these offenses. At this juncture, after both trial and defense counsel rested, the military judge announced the findings of guilty.

Later, in an unsworn statement given in mitigation and extenuation, the accused elaborated, ". . . I got carried away with the writing of checks with the idea,

thinking, that by the time I wrote the checks and by the time they cleared the Stateside bank, which takes about 30 days, that I could have the money in the bank before the check cleared which I was unable to do due to other family matters that came up." [3]

■ The question presented is whether the military judge's inquiry adequately complied with the mandate of *United States v. Care,* supra. As none of the surrounding circumstances or the state of mind of the accused may be gleaned from the stipulation, we must rely entirely upon the judge's inquiry. His questions sought and obtained only the accused's concurrence that his conduct was dishonorable. In the words of the Army Court of Military Review:

Based upon the stated requirement in both [*McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) and *United States v. Care,* 18 U.S. C.M.A. 535, 40 C.M.R. 247 (1969)], the inquiry cannot be couched in terms which elicit from an accused acknowledgment of guilt in terms of legal conclusions, . . . but rather the questions must elicit facts from which the judge can conclude that the legal standard . . exists.

*United States v. Michener,* 46 C.M.R. 427 (A.C.M.R.1972), pet. denied, 46 C.M.R. 1324 (1972). See also, a case strikingly similar to the present one, *United States v. Goins,* 51 C.M.R. 747, 2 M.J. 458 (A.C.M.R.1975).

The term, "dishonorable," connotes a mental element closely related to that of a specific intent. *United States v. Groom,* 12 U.S.C.M.A. 11, 30 C.M.R. 11 (1960); *United States v. Dicus,* 33 C.M.R. 879 (A.F.B.R. 1963). The gist of the offense lies in the conduct of the accused *after* uttering the instrument, which must reflect bad faith or gross indifference. Paragraph 213*f*(8), Manual for Courts-Martial, 1969 (rev.); *United States v. Groom,* supra; *United States v.*

---

**3.** Although this testimony is unsworn, it may be considered, just as post-trial statements of the accused, in questioning the providence of a guilty plea. *United States v. Chancelor,* 16

U.S.C.M.A. 297, 36 C.M.R. 453 (1966); *United States v. Richardson,* 15 U.S.C.M.A. 400, 35 C.M.R. 372 (1965); *United States v. Gill,* 50 C.M.R. 206 (A.F.C.M.R.1975).

*Gibson*, 51 C.M.R. 421, 1 M.J. 714 (A.F.C. M.R.1975) and cases cited therein.

The only facts and circumstances before this Court respecting the conduct of the accused after he uttered the instrument are contained in his unsworn statement, where he states he was "carried away" with the writing of the checks and that he was unable to cover the checks because of family matters which came up. This does not constitute the bad faith or gross indifference of a criminal *mens rea*, but rather conduct which could best be characterized as negligent or perhaps irresponsible. We hold that the failure of the military judge to inquire further into matters which would have been indicative of bad faith or gross indifference renders the accused's pleas improvident. *United States v. Gibson, United States v. Goins*, both supra.

 Although not essential to the decision in this case, another matter raised by trial and appellate defense counsel warrants comment. In argument prior to sentence, trial counsel stated, "I think basically what we have is a fellow who has committed an extremely serious offense, an offense that is tantamount to stealing—giving a rubber check for merchandise." Such argument attributed to the accused a specific criminal intent neither admitted by him nor proved by the evidence, totally irrelevant to the trial at hand, and of a more serious nature than encompassed by the charges. Code, supra, Article 121. Such argument is impermissible and prejudicial to the substantial rights of the accused.[4] Although trial defense counsel did not object to the statement, it was incumbent upon the military judge, *sua sponte*, to interrupt the argument and give cautionary instructions to the members of the court. His failure to do so prejudiced the sentence deliberations and would ordinarily require a rehearing on sentence or reassessment at this level. *United States v. Knickerbocker*, 25 U.S.C. M.A. 346, 54 C.M.R. 1072, 2 M.J. 128

(1977); *United States v. Ryan*, 21 U.S.C. M.A. 9, 44 C.M.R. 63 (1971). Such remedy is not required in this case, however, because of our action with respect to the findings.

For the reasons given respecting the improvidence of the accused's pleas of guilty, the findings of guilty and the sentence are incorrect in law and are set aside. A rehearing may be ordered. See paragraph 92, Manual for Courts-Martial, supra.

BUEHLER, Senior Judge, and ORSER, Judge, concur.

**UNITED STATES**

---

4. ABA Standards Relating to The Prosecution Function § 5.8(a) (1970): "The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw."