**UNITED STATES**

v.

**Airman Basic Michael E. SMITH, FR 010–52–0239 United States Air Force.**

ACM S24837.

U. S. Air Force Court of Military Review.

Sentence adjudged 1 Nov. 1979.

Decided 4 March 1980.

Approved sentence: Bad conduct discharge (suspended), confinement at hard labor for three (3) months and forfeiture of two hundred ninety-nine dollars ($299.00) per month for three (3) months.

Appellate Counsel for Accused: Colonel Larry G. Stephens and Major Wade B. Morrison. Appellate Counsel for the United States: Colonel James P. Porter and Captain James R. Van Orsdol.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

**DECISION**

MILES, Judge:

We hold improvident accused's plea to the offense of dishonorable failure to pay a just debt, dismiss that charge and reassess the

sentence on the basis of the remaining offenses.

Consistent with his pleas, accused was convicted of eight specifications of drawing checks without sufficient funds, dishonorable failure to pay a debt and failure to repair, in violation of Articles 123a, 134 and 86, Uniform Code of Military Justice, 10 U.S.C.A. §§ 923a, 934, 886. The approved sentence extends to a bad conduct discharge (suspended), confinement at hard labor for three months, and forfeiture of $299.00 per month for three months.

On 15 June 1979, accused held his wedding reception at the Hickam Air Force Base Officer's Club and incurred a debt of $314.00. On several occasions in late June, he promised to pay this debt but did not. Eventually he promised to pay the full amount in installments on 1 July, 15 July and 1 August. The specification for this offense alleged that he dishonorably failed to pay from 1 August until 25 October 1979.

Prior to accepting accused's plea, the military judge advised him of the elements of the offense of dishonorable failure to pay a debt, but did not explain the term dishonorable. The military judge's questions to the accused as to the factual basis for the plea were limited to the promises made in June and accused's capacity, in early July, to pay the debt. He did not inquire about accused's capacity to pay in August, September or October, or about any promises made during those months, or, indeed, about any events during those months, the period of the alleged offense.

At trial, independent evidence established that $946.92 was withheld from accused's pay from 15 August to 31 October, 1979 to satisfy indebtedness owed the government. During the same period, an additional $315.00 was withheld from his pay, but accused was permitted to draw from this, and in fact, did draw a total of $50.00 from August through October. A stipulation of testimony indicates that an unknown part of this debt to the Officer's Club was paid, in late August, through a military pay order executed against accused's pay.

 Among other requirements, a military judge, prior to accepting a plea of guilty, must question the accused about what he did or did not do and when relevant, what he intended. The purpose is to make clear the basis for a determination that the acts of the accused constitute the offense to which he is pleading guilty. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). To be dishonorable, the "failure to pay a debt" must be characterized by deceit, evasion, false promises, or other distinctly culpable circumstances indicating a deliberate nonpayment or grossly indifferent attitude toward one's just obligations. Manual for Courts-Martial, 1969 (Rev.), paragraph 213$f$(7). The term dishonorable connotes a mental element closely related to that of a specific intent; it is not established by negligence or irresponsibility, and often needs to be carefully explained to an accused. *United States v. Bethea*, 3 M.J. 526 (A.F.C.M.R.1977); *United States v. Gibson,* 1 M.J. 714 (A.F.C.M.R. 1975); *United States v. Smith*, 1 M.J. 703 (A.F.C.M.R.1975).

In this case, there was no factual basis, secured through questioning of the accused, for the plea; and the elements of the offense were not meaningfully related to accused's conduct. Accordingly, the military judge erred in accepting accused's plea to this offense. While a rehearing could be ordered, we dismiss the charge in the interests of justice. In view of the dismissal, the error assigned by accused's appellate defense counsel, which relates to this offense, is moot. We have reassessed the sentence for the remaining offenses, and find appropriate only so much of the sentence as provides for a bad conduct discharge, as suspended by the convening authority, confinement at hard labor for three months and forfeiture of $150.00 per month for three months. As modified, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge and ARROWOOD, Judge, concur.