UNITED STATES

v.

**Kelly J. WILES, 594 34 0661, Airman Recruit (E–1), U.S. Navy.**

**NMCM 89 2623.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 May 1989.

Decided 6 Oct. 1989.

LT Thomas Miro, JAGC, USNR, Appellate Defense Counsel.

CDR P.J. McLaughlin, JAGC, USN, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and JONES and STRICKLAND, JJ.

ALBERTSON, Senior Judge:

Appellant, in accordance with his pleas of guilty, was convicted of four specifications of unauthorized absence, one specification of willful disobedience of a staff noncommissioned officer, and two specifications of wrongful use of marijuana in violation of Articles 86, 91, and 112a, respectively, of

**1098**

the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, 912a. The military judge sitting alone as a special court-martial sentenced him to confinement for 145 days, forfeiture of $400.00 pay per month for 5 months, and a bad conduct discharge. The convening authority approved the adjudged sentence but suspended all confinement in excess of 135 days. The case is before us without specific assignment of error.

■ Upon our review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), we question the providency of appellant's plea of guilty to the wrongful use of marijuana alleged under Charge III and its sole specification. As to that offense, the military judge explained to the appellant the elements of the offense to which he was pleading guilty:

> [MJ:] Now under Charge III, single specification thereunder, there are only two elements to the offense of violating Article 112A (sic). The first element is that on or about the period of 7 September 1988 to 21 September 88 you used marijuana; and,
>
> The second element is that that use was wrongful, which is to say, illegal.
>
> Now do these elements correctly describe what you did on each occasion?
>
> ACC: Yes, Your Honor.

R. 19.

Following the mandate set forth in *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the military judge then had the appellant relate the facts to the law in order to establish the required factual basis for accepting his plea of guilty. The inquiry went as follows:

> MJ: Concerning Charge III, use of marijuana at Millington, Tennessee, between the 7th of September and 21st of September, 1988, 7th of September you were attached here at NATTC?
>
> ACC: Yes, Your Honor.
>
> MJ: Still AD School?
>
> ACC: Yes.
>
> MJ: Did you use marijuana on some date between the 7th and 21st of September?

> ACC: Yes, sir.
>
> MJ: Do you remember what date it was specifically?
>
> ACC: No, I do not, Your Honor.
>
> MJ: Do you remember was it at a party?
>
> ACC: Yes, Your Honor.
>
> MJ: Where was the party?
>
> ACC: Party was out in Millington, Your Honor, I went with a bunch of my friends, and we all got—we started drinking heavily, and then next day a bunch of my friends came up and told me that we all used marijuana that night.
>
> MJ: Do you remember using marijuana that night?
>
> ACC: No, Your Honor.
>
> MJ: Did you have a positive urinalysis?
>
> ACC: Yes, Your Honor.
>
> MJ: When did you have the urinalysis?
>
> ACC: I'm pretty sure the next day, Your Honor.
>
> MJ: Well, let me give you the date, see if that helps any. 7 September was a Wednesday, and 21st was two weeks later. Now, obviously since you were charged with the 21st, the urinalysis would have occurred after that, could have been the 22nd, 23rd.
>
> ACC: I'm pretty sure I took my urinalysis when I came back from UA from September 21st.
>
> DC: Excuse me, Your Honor.
>
> (Defense counsel and the accused conferred.)
>
> ACC: I believe it was the 21st or 22nd of September, Your Honor.
>
> MJ: Okay. The military judge will disregard any comments about Specification 1.
>
> So you remember that you took a urinalysis on about the 21st or 22nd of September?
>
> ACC: Yes, Your Honor.
>
> MJ: And based on what some friend have told (sic) you, you may have used it somewhere at a party in Millington. Would that have been the weekend of the 17th and 18th?
>
> ACC: Yes, Your Honor.

MJ: Any reason to doubt what your friends told you?

ACC: No, Your Honor.

MJ: Did your friends tell you how you used it?

ACC: Yes, Your Honor.

MJ: How?

ACC: Smoked it in a paper, Your Honor.

MJ: Okay. Realizing that you don't remember using it, but you do have a positive urinalysis and your friends told you, do you believe you used marijuana somewhere between the 7th and the 21st of September?

ACC: Yes, Your Honor.

MJ: Did you have any authority to use marijuana?

ACC: No, Your Honor.

MJ: To the best of your knowledge, did anybody force you to use marijuana?

ACC: No, Your Honor.

MJ: Can you tell me anything more about what your friends told you?

ACC: I just had a bunch of my friends, when we went out, came up to me and they were joking about what we did that evening or the evening—I can't really recall the evening it was because I was really drunk that evening, and they told us that everybody got a bunch of marijuana and it went around through the whole party.

MJ: Everybody was passing the j's around?

ACC: Yes, Your Honor.

MJ: So you believe and admit that somewhere between the 7th and 21st you wrongfully used marijuana?

ACC: Yes, Your Honor.

(Defense counsel and the accused conferred.)

MJ: Did your friends indicate anybody had forced you to use marijuana?

ACC: No, Your Honor.

MJ: I'm going to take a short recess. There's some additional questions, because of the intoxication of the accused, I want to pull out another notebook, and it will only take about 30 seconds. But let's take about five minutes and give everybody a break. Court's in recess. The court recessed at 1551, 16 May 1989. The court was called to order at 1610, 16 May 1989.

MJ: The Court will come to order. Let the record reflect all parties who were present when the court recessed are once again present.

Airman Recruit Wiles, let's focus if we can for just a second on the marijuana use there in September 1988. Now, you indicated you had been drinking that evening, you remember the party and the drinking.

ACC: Yes, I remember going to the party and seeing marijuana being smoked there as I arrived.

MJ: Now, you've pleaded guilty to the offense of using that, and you told me that your friends told you that, so let me ask you a couple of questions. Did you know the witnesses personally?

ACC: Yes, Your Honor.

MJ: Okay. Do you remember their names?

ACC: Yes, Your Honor.

MJ: Okay. Do you have any reason they would lie to you about what you did on that occasion?

ACC: No, Your Honor.

MJ: A lot of laughing and joking about it afterwards?

ACC: Yes, Your Honor.

MJ: Have you seen—was there any other evidence that you had used marijuana besides the urinalysis?

ACC: No, Your Honor.

MJ: Are you convinced that despite the fact you can't remember what happened on that occasion, that you are in fact guilty of this offense?

ACC: Yes, Your Honor.

MJ: So you believe you are guilty of the offense as charged?

ACC: Yes, Your Honor.

R. 41–45.

■ In appellant's particular case we are concerned with the sufficiency of the factual basis the military judge obtained from the appellant to support the aspects of

knowledge subsumed within the elements of use and wrongfulness. These aspects of knowledge always confront a military judge who must instruct members in any case wherein the Government must prove beyond a reasonable doubt the accused's guilt when put to that proof by an accused's plea of not guilty. *United States v. Mance*, 26 M.J. 244 (C.M.A.1988). In *Mance* the Court of Military Appeals reiterated the types of knowledge involved in a wrongful possession or use of marijuana offense it had previously set forth in *United States v. Greenwood*, 6 U.S.C.M.A. 209, 19 C.M.R. 35 (1955). Those three types of knowledge are: knowledge that the substance is illegal or ignorance of the law; knowledge of the presence of the substance or ignorance of fact; and, knowledge of the composition of the substance or mistake of fact. Ignorance of the law is not a defense; but ignorance of fact or mistake of fact may very well constitute a defense. *Mance* at 249. The Court in *Mance* then stated, in interpreting the 1984 Manual for Courts–Martial, Article 112a, UCMJ, and decisional precedent, that "[k]nowledge of the presence of the substance is a component of 'possession' and of 'use.' Thus, a person does not possess a substance unless he is aware of its presence." *Id.* at 253. Additionally,

> [t]he element of "wrongfulness" in charges of drug possession or use involves a different type of "knowledge"— namely, knowledge of the character of the substance involved. Thus, if a servicemember is given a box containing a powder which he believes to be some type of sugar but which actually is cocaine, he lacks the "knowledge" required as a component of the element of "wrongfulness".

*Id.* at 254.

> The Court finally concluded that:
> [i]nsofar as the "knowledge" needed to show "wrongfulness" is concerned, the presence of the controlled substance, under appropriate circumstances, authorizes a permissive inference of knowledge.... Thus, both the "knowledge" required to show "possession" or "use" and the "knowledge" required to show

> "wrongfulness" may be inferred by the factfinder from the presence of the controlled substance.

*Id.*

The Court then strongly encouraged military judges to include "specific reference to the two types of 'knowledge' which are required to establish criminal liability" in order to provide court members a complete instruction on the wrongful possession or wrongful use of controlled substances. *Id.*

■ An accused's plea of guilty must be in accord with actual facts. Article 45, UCMJ, 10 U.S.C. § 845; *United States v. Moglia*, 3 M.J. 216 (C.M.A.1977). Among other things, the providence inquiry must establish that the accused believes he is guilty, and the factual circumstances he reveals to the military judge during the providence inquiry must objectively support the plea. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). On the other hand, if an accused cannot recall the facts relating to an offense due to intoxication, as here, or for some other reason, he is not precluded from pleading guilty if he is convinced of his guilt, *Moglia*, 3 M.J. at 218, and his belief is predicated on the accused's "assessment of the Government's evidence against him." *Id.* at 218 (citing *United States v. Luebs*, 20 U.S.C.M.A. 475, 43 C.M.R. 315 (1971); *United States v. Butler*, 20 U.S.C.M.A. 247, 43 C.M.R. (1971)).

The military judge did not explain to appellant the two aspects of knowledge that makes the use of marijuana wrongful during his explanation of the elements of the offense or at any other time during the trial. Confronted with appellant's statement that he was so drunk during the time of his alleged commission of the offense that he had no memory of the event, the military judge then failed to have the appellant relate any facts describing the circumstances surrounding the commission of the offense. Specifically, the military judge never asked and the appellant never admitted that at the time he allegedly used the marijuana, that he knew he was consciously using (*i.e.*, smoking) and that what he

used he knew at the time to be marijuana. All appellant related to the military judge during providency was that he agreed that he used marijuana because his friends told him he did. Such bare facts do not support a sufficient basis for finding that he knowingly used or smoked, nor do those facts provide a sufficient basis to support a finding that, if he knew he was ingesting something, that that something was marijuana. Yes, appellant admitted he saw marijuana being smoked at the party when he arrived, but his seeing it and his knowingly smoking it are significantly different matters under the law. While the appellant stated that he believed what his friends told him, that they had no reason to lie to him, and agreed that his urinalysis test results revealed he had used marijuana, those facts do not support a factual basis for the knowledge aspects of the element of use or the element of wrongfulness. Ordinarily, under appropriate circumstances, one can infer the knowledge necessary to show "use" or "wrongfulness", *Mance*, but based on appellant's lack of memory of his conduct at the time of the event and the minimal facts about the event as set forth in the record, we find we are unable to make the necessary inference.[1]

In a case such as this, the military judge should have asked the appellant what his friends told him he had said or done at the time he apparently smoked the marijuana. Based upon the description of events supplied by his friends evidencing his knowing use of marijuana, the military judge might then have providently accepted the plea.

Accordingly, we find the pleas of guilty to the Specification and Charge III are improvident, and the findings of guilty to the Specification and Charge III are set aside. While we could authorize a rehearing on the Specification and Charge III, we find that in view of our affirmance of the remaining findings of guilty as approved on review below, and the sentence as reassessed, judicial economy behooves us not to authorize such a rehearing. Accordingly, the specification and Charge III are dismissed; the remaining findings of guilty as approved on review below are affirmed. Upon reassessment of the sentence, *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the sentence approved on review below is also affirmed. Article 66(c), UCMJ.

Judge JONES and Judge STRICKLAND concur.

---

1. Had the military judge explained the aspects of knowledge during his explanation of the elements of use and wrongfulness, we might have been able to infer that appellant's statement that the elements correctly described what he did, included his understanding and agreement that he admitted he had consciously used marijuana with his friends. *See United States v. Smith,* 8 M.J. 779 (AFCMR 1980) (elements must be meaningfully related); *United States v. Michener,* 46 C.M.R. 427, 428 note (ACMR 1972).