## UNITED STATES

v.

**Gary N.B. SHARAR, 577 68 4542, Hull Maintenance Technician Second Class (E–5), U.S. Navy.**

**NMCM 89 2209.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 1 May 1989.

Decided 16 April 1990.

LT THOMAS MIRO, JAGC, USNR, Appellate Defense Counsel.

LT J. RICHARD CHEMA, JAGC, USN, Appellate Government Counsel.

Before ALBERTSON, WILLEVER and JONES, JJ.

WILLEVER, Judge:

Pursuant to his pleas before a military judge sitting alone as a special court-martial, appellant was found guilty of violations of the Uniform Code of Military Justice (UCMJ), Articles 112a and 134, 10 U.S.C. §§ 912a, 934. After being found guilty of one specification each alleging use of heroin, distribution of heroin, and incapacitation for duty due to wrongful overindulgence of intoxicants, appellant was sentenced to confinement for 4 months, reduction to pay grade E–1, and a bad-conduct discharge.

Appellant challenges the providency of his guilty pleas at trial to the Charge and specifications alleging use and distribution of heroin.[1] During the providency inquiry, appellant admitted to purchasing, while on liberty from his ship in Palma de Mallorca, two small bags of white powdery substance which he thought to be cocaine. He ingested the contents of one packet, was disappointed by the lack of sensation accompanying its use, and delivered the second packet to a shipmate. A subsequent urinalysis and blood test both revealed evidence that appellant had ingested heroin, and a blood test administered to the shipmate (the results of which appellant saw) revealed evidence of the use of opiates, of which heroin is an example. The record

---

1. Appellate defense counsel assigned the following error:

THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEAS OF GUILTY TO USING AND DISTRIBUTING HEROIN WHERE THE PROVIDENCE INQUIRY REVEALED HE WAS UNAWARE OF THE PRESENCE OF HEROIN.

reveals that appellant was clearly convinced that he used and distributed heroin.

Appellant admits that he knew he was using an illegal drug, but incorrectly thought at the time of the acts that what he was using was cocaine, not heroin. Guilty pleas to use and distribution of an illegal drug, he argues, citing *United States v. Wiles*, 30 M.J. 1097 (NMCMR 1989), are provident only if an accused admits that he knowingly used the charged substance, which here was heroin.[2] He asserts that because he was unaware of the true contents of the packages of the illegal drug he admits to using and distributing, he lacked the necessary scienter to support a guilty plea to heroin use and distribution, although provident pleas to attempted cocaine use and distribution could have been entered and accepted.

Appellant's argument fails to appreciate the distinction between the knowledge of the presence of some type of illegal substance, which is the *mens rea* required to support a conviction for possession of an illegal substance under UCMJ, Article 112a, and knowledge of the precise character of the substance present. The element of "wrongfulness" in charges of drug use, possession, or, by extension, distribution, under Article 112a, UCMJ, involves knowledge of the character of the substance involved. *United States v. Mance*, 26 M.J. 244, 255 (C.M.A.1988). For appellant's use and distribution to be wrongful, it was not necessary that appellant knew he used and distributed heroin. His mistaken belief that the white powdery substance he used and distributed was cocaine, which is a controlled substance, was sufficient to allow him to be convicted of use and distribution of heroin, because he had "knowledge" of the presence of a controlled substance adequate to establish wrongfulness. *Id.*

In summary, this case fits the example in *Mance:*

> Of course, for possession or use to be "wrongful," it is not necessary that the accused have been aware of the precise identity of the controlled substance, so long as he is aware that it is a controlled substance. For example, if he believes he possesses cocaine when, in fact, he possesses heroin, he could be convicted of wrongful possession of heroin because he had "knowledge" adequate to establish wrongfulness.

*Id.* (footnote omitted).

The findings and sentence are correct in law and fact, no error materially prejudicial to the substantial rights of the appellant was committed, and the findings of guilty and sentence are affirmed as approved on review below.

Senior Judge ALBERTSON and Judge JONES concur.

---

2. In *Wiles*, the accused stated that he was so drunk during the time of his alleged use of marijuana that he had no memory of the event. Appellant never admitted during the providence inquiry that he consciously used what at the time he thought to be marijuana, but did agree that he used marijuana because his friends told him after the fact that he had. This Court found that such bare facts did not support a finding that he knowingly used or smoked marijuana, or that appellant knew that if he were ingesting something, that that something was marijuana. In short, the facts were insufficient to be able to infer that the accused had the knowledge necessary to show knowing "use" or "wrongfulness," and his pleas of guilty were set aside.